IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIM HENRY BALL, JR., } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 2:15-cv-1909-WMA |
| ERIKA LYNN HILL, } | |
| Defendant. } | |

**MEMORANDUM OPINION**

Plaintiff filed this action on October 28, 2015, purportedly asserting violations of his rights under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the Constitution, all stemming from a car accident involving plaintiff and defendant, a private citizen. (Doc. 1).[1] Plaintiff's request to proceed *in forma pauperis* was granted on November 16, 2015. (Doc. 3). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an action of a plaintiff proceeding *in forma pauperis* if the action is "frivolous," "malicious," or "fails to state a claim upon which relief may be granted."

To establish a viable claim under the statutes invoked by plaintiff, defendant must have been "a person acting under color of state law." *Nail v. Cmty. Action Agency of Calhoun Cty.*, 805 F.2d 1500, 1501 (11th Cir. 1986). Failure to allege state action

---

[1] Plaintiff filed a motion to amend his complaint on December 2, 2015. (Doc. 4). Because the amendment would not cure the fatal jurisdictional flaws of plaintiff's action, the court will deny plaintiff's motion to amend as futile.

deprives the court of subject-matter jurisdiction. *Id.* Given that defendant is allegedly employed by Regions Bank and not affiliated with any governmental entity, plaintiff has failed to allege that defendant acted under color of state law. Accordingly, the above-entitled action will be dismissed for want of subject-matter jurisdiction. A separate order will be entered.

    DONE this 4th day of December, 2015.

                                                                   _____  
                                                           WILLIAM M. ACKER, JR.  
                                                           UNITED STATES DISTRICT JUDGE